**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: | : Bankruptcy No. 23-10783-AMC |
| Mark J. Fregoni | : Chapter 13 |
|       Debtor | : |
| | : |
| U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2018-RPL2 c/o Rushmore Loan Management Services, LLC | : : : : |
|       Movant | : |
|       vs. | : |
| Mark J. Fregoni | : |
| Regina A. Fregoni (Non-filing Co-Debtor) | : |
|       Debtor/Respondent | : |
|       and | : |
| Kenneth E. West, Esquire | : |
|       Trustee/Respondent | : |

**<u>CONSENT ORDER / STIPULATION AGREEMENT SETTLING
MOTION FOR RELIEF FROM AUTOMATIC STAY
UNDER 11 U.S.C. § 362 AND §1301</u>**

AND NOW, upon the Motion of U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2018-RPL2 c/o Rushmore Loan Management Services, LLC ("Creditor"/ "Movant"), through its counsel, Hladik, Onorato & Federman, LLP, for relief from the automatic stay pursuant to Bankruptcy Code § 362(d), as to a certain vehicle, 29 Lilac Lane, Levittown, PA 19054 (the "Property"), it is hereby agreed as follows:

Debtor, Mark J. Fregoni ("Debtor") acknowledges that the following monthly post-petition payments are due as follows:

```
Regular Payments due for March 29, 2023 – July 29, 2023 ($1,739.96/each)….$8,899.80
Suspense Balance:………………………………………………………………($1,670.00)
Attorney's Fees/Costs of Motion:……………………………………… …….$1,238.00
```
**Total Amount Due – Post-Petition:………………………………………$8,267.80**

1. Debtor shall cure the Arrears as set forth above in the following manner:

   a. The total post-petition arrears, in the amount of **$8,267.80** shall be added into, and paid through, the Chapter 13 Plan of Reorganization in addition to the current arrearage amount on Movant's Proof of Claim. Counsel for Debtor(s) shall file an Amended Plan within fifteen (15) days of the entry of this Stipulation.

      2.      Debtors agree to continue making the regular post-petition monthly payments to Creditor in the amount of **$1,739.96** (or as may be adjusted from time to time, as per standard escrow practices or Contract terms), commencing with the **August 29, 2023** payment and monthly every payment thereafter.

      3.      Debtors shall make the regular monthly payments required to the Trustee.

      4.      Debtors shall send all payments due directly to Creditor at the address below:

**Rushmore Loan Management Services, LLC**
**P.O. Box 52708**
**Irvine, CA 92619-2708**

**Rushmore's** loan **#xxxxx2695** must appear on each payment.

      5.      In the event Debtors fail to make any of the payments set forth hereinabove (or real estate taxes and/or hazard insurance when due) on or before the due dates, Creditor and/or Counsel may give Debtors and Counsel for Debtors notice of the default. If Debtors do not cure the default within ten (10) days of the notice, upon Certification of Default to the Court, and request for Order, with a copy to Debtors and Counsel for Debtors, Creditor shall immediately have relief from the bankruptcy stay upon entry of Court Order. Debtors' opportunity to cure the default shall be limited to two (2) occurrences. Upon the third occurrence, Creditor may file a Certification of Default with the Court without notice to Debtors or Debtors' counsel.

      6.      The failure by the Creditor, at any time, to file a Certification of Default upon default by the Debtors shall not be construed, nor shall such failure act, as a waiver of any of Creditor's rights hereunder.

      7.      Upon issuance of the aforesaid Order, the parties hereto further agree that Creditor may proceed in state court to exercise all rights and remedies available to it as a Creditor under state and federal law.

      8.      In the event Debtors converts\ to a bankruptcy under Chapter 7 of the Bankruptcy Code, then Debtors shall pay all pre-petition arrears and post-petition arrears within 10 days from the date the case is converted. If Debtors fail to make payments in accordance with this paragraph, then the Creditor, through Counsel, may file a certification setting forth said failure and the Creditor shall be granted immediate relief from the automatic stay.

      9.      It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived.

      10.      The undersigned parties request that the Court enter an Order approving this Consent Order/Stipulation and the terms therein.

By signing this Stipulation, Counsel for Debtors represents that the Debtor is familiar with and understand the terms of this Stipulation and agrees to said terms regardless of whether the Debtor has/have signed this Stipulation. Seen and agreed by the parties on the date set forth below:

/s/ Sarah K. McCaffery
Sarah K. McCaffery, Esquire
Counsel for Creditor

Date: 08/15/2023

/s/ Brad J. Sadek
Brad J. Sadek, Esquire
Counsel for Debtor

Date: 08/14/2023

/s/ Kenneth E. West
Kenneth E. West, Esquire
Trustee

Date: 08/31/2023
*no objections, without prejudice to any rights
and remedies of the Trustee

AND NOW, this _____ day of _____, 2023, it is hereby ORDERED that this Stipulation Agreement between the parties is hereby approved.

_____
Honorable Ashely M. Chan
Chief U.S. Bankruptcy Judge